UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ROBERT BELL,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )     No. 1:07CV25(LMB)
                                )
TROY STEELE, et al.,            )
                                )
          Defendants.           )

<u>ORDER AND MEMORANDUM</u>

This matter is before the Court upon the application of Robert Bell (registration no. 526934 ), an inmate at the Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing

1

fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $8.50, and an average monthly account balance of $.06. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants in the original complaint [Doc. #1] are Troy Steele, Larry Crawford, David Rost, and Terry W. Moore. Briefly, the original complaint claims that plaintiff has been denied access to the courts because he has not been provided adequate access to

a law library and that indigent prisoners are not supplied with "essential legal supplies."

On April 10, 2007, plaintiff filed a "supplemental complaint" [Doc. #5]. In the "supplemental complaint," plaintiff appears to assert claims against Susan Wickliffe, Miss Steward, and "CCA Mr. Unknown." These defendants are not named in the caption of the original complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure. Furthermore, plaintiff does not assert what relief he seeks against these defendants as required by Rule 8(a) of the Federal Rules of Civil Procedure.

**Discussion**

Plaintiff's original complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court's records indicate that a prior complaint filed by plaintiff asserting a similar access to the court claim was dismissed by this Court pursuant to § 1915(e)(2)(B) because plaintiff failed to allege that he suffered actual prejudice to a non-frivolous claim as required by Lewis v. Casey, 518 U.S. 343, 349-55 (1996). Bell v. Steele, No. 1:06CV144(LMB) (E.D. Mo.). The instant original complaint also fails to indicate that plaintiff has suffered actual prejudice to a non-frivolous claim and, therefore, the original complaint should be dismissed.

Plaintiff's "supplemental complaint" concerns events that occurred after the filing of the original complaint. As

noted above, the supplemental complaint appears to assert claims against persons not named as defendants in the original complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure. Additionally, plaintiff does not state what relief he seeks against these additional, new defendants as required by Rule 8(a) of the Federal Rules of Civil Procedure. The dismissal of the "supplemental complaint" will be without prejudice. If plaintiff wishes to pursue these separate claims against these additional defendants, plaintiff should file a new, separate complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C.

§ 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of April, 2007.

**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**